# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DAVID S. MALONE AND KDM,<br>A MINOR CHILD,<br><br>   Plaintiffs,<br><br> vs.<br><br>TIFFANY DAWN WOODS,<br><br>   Defendant. | No. 1:11-cv-1252-TWP-DML |

### Entry Granting *In Forma Pauperis* Status,
### Dismissing Claim Purportedly Brought on Behalf of Minor Son,
### and Directing Further Proceedings

**I.**

Plaintiff David Malone's motion to proceed *in forma pauperis* [2] is **granted.**

**II.**

The plaintiff names as an additional plaintiff his minor son. The minor child did not sign the complaint. Because the plaintiff is not an attorney, he is not authorized to proceed in federal court on behalf of anyone other than himself, including his minor child. *See Navin v. Park Ridge School Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Lewis v. Lenc-Smith Mfr. Co.,* 784 F.2d 829, 830 (7th Cir. 1986); *Osei-Afriyie v. Medical College of Pennsylvania,* 937 F.2d 876, 882 (3rd Cir. 1991). Any claim asserted on behalf of the minor child is dismissed for lack of standing. The clerk shall **update the docket accordingly.**

**III.**

A district court possesses only the jurisdiction conferred to it by Congress. *See South Carolina v. Katzenbach,* 383 U.S. 301 (1966). Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties. See 28 U.S.C. '' 1331-32. Because the limited jurisdiction of a federal court is not to be judicially

expanded, the presumption is that "a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994).

The plaintiff does not allege any basis for federal jurisdiction. Moreover, there is no allegation of diversity of citizenship between the parties.

In addition to bringing a number of state law claims against the defendant, Tiffany Dawn Woods, the plaintiff alleges that Ms. Woods, a former girlfriend and an officer with the Indianapolis Metropolitan Police Department, had charges brought against him based on perjury. These allegations form the factual basis of his claims of malicious prosecution and malicious use of process.

The plaintiff shall have **through October 31, 2011**, in which to **supplement his complaint** by stating 1) the offenses with which he was charged by Ms. Woods; 2) whether probable cause was determined; and 3) whether he was convicted of any such offenses.

**IT IS SO ORDERED.**

Date: 10/07/2011
_____

Distribution:

David S. Malone
7219 Cranbrook Court
Indianapolis, IN 46250

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.