UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID S MALONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:11-cv-01252-TWP-DML |
| TIFFANY DAWN WOODS, | ) | |
| | ) | |
| Defendant. | ) | |

### ENTRY ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant Tiffany Dawn Woods's ("Ms. Woods") motion to dismiss (Dkt. 17) Plaintiff David S. Malone's ("Mr. Malone") Complaint.  Mr. Malone brings several claims against Ms. Woods, including, a claim under 42 U.S.C. § 1983—giving the Court subject matter jurisdiction—and state law claims for negligence, defamation, false arrest, malicious prosecution, intentional infliction of emotional distress, and abuse of process.  Mr. Malone filed his initial complaint *pro se* on September 16, 2011.  He filed an amended complaint on September 23, 2011. Ms. Woods's motion to dismiss was filed on March 12, 2012, and thereafter Mr. Malone requested leave to amend his complaint.  On June 26, 2012, Mr. Malone's motion was granted and he also was granted an extension to file a second amended complaint.  However, Mr. Malone never filed his second amended complaint.  For the reasons explained in this Entry, Ms. Woods's motion to dismiss (Dkt. 17) is **GRANTED**.

### I.  BACKGROUND

The following facts are taken from the Amended Complaint (Dkt. 7).  Mr. Malone and Ms. Woods met on March 13, 2009, and over the next several months engaged in a noncommittal, sexual relationship.  Unbeknownst to Mr. Malone, Ms. Woods was married to an

1

Indianapolis Metropolitan Police ("IMPD") Officer.  Mr. Malone told Ms. Woods on July 25, 2009, that he no longer wanted to continue their relationship.  On the morning of July 26, 2009, Ms. Woods appeared at Mr. Malone's residence and asked him to reconsider ending the relationship.  On July 29, 2009, Ms. Woods posted on Facebook that she was "in a relationship" with Mr. Malone, and asked Mr. Malone to post the same.  She also posted that Mr. Malone had been stalking her.

The relationship resumed and on August 9, 2009, Mr. Malone again ended his relationship with Ms. Woods.  The two continued spending time together until August 19, 2009, when Mr. Malone ended the relationship permanently, in part because Ms. Woods was married, had exposed him to a sexually transmitted disease, was obsessive in her behavior, vindictive and vengeful. However, the two continued to have contact by text message, phone calls, and in person at Ms. Woods's home, from August 19 through August 22, 2009. On the afternoon of August 22, 2009, Mr. Malone was invited to Ms. Woods's home to retrieve some of his personal items and when he left, Ms. Woods stated, "I'm going to fuck your life up!"  On August 23, 2009, Ms. Woods posted negative comments about Mr. Malone on her Facebook, and filed a police report stating that Mr. Malone had been stalking, harassing, and threatening her and her children. Ms. Woods met with IMPD Detective Hunt, who began investigating the claims against Mr. Malone.

Mr. Malone was later arrested and charged with stalking and intimidation.  Following a jury trial, Mr. Malone was found guilty of intimidation and not guilty of stalking. After his release from jail, Mr. Malone lost his job and home as a result of his arrest.

## II.  LEGAL STANDARD

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff.  *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted).  However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted).  To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## III.  DISCUSSION

**A.  Claim Under 42 U.S.C. § 1983**

To state a claim under § 1983, "a plaintiff must allege that the defendants deprived him of a right secured by the Constitution or laws of the United States, and that the defendants acted under color of state law."  *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005).  A person acts under color of state law only when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.  *United States v. Classic*, 313 U.S. 299, 326 (1941).

Mr. Malone alleges that Ms. Woods violated his Fourth and Eighth Amendment rights. Mr. Malone does not allege that Ms. Woods was acting under color of state law, nor does he point to the specific facts supporting his claims that his Fourth and Eighth Amendment rights

3

were violated. In his response, Mr. Malone argues that his complaint provides sufficient facts to establish he was falsely arrested due to a conspiracy between Ms. Woods and Detective Hunt, thus establishing Ms. Woods was acting under color of state law. However, Mr. Malone must also plead "a concerted effort between a state actor and an individual" and willful participation in joint activity. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). Even accepting Mr. Malone's factual allegations as true, his complaint fails to state a claim under § 1983. Therefore, Ms. Woods's motion on this claim is **GRANTED**.

Because the Court's jurisdiction over Mr. Malone's remaining claims is pendant to the § 1983 claim, Ms. Woods asks the Court to relinquish jurisdiction over the remaining state law claims. However, because the Court has no doubt how those claims should be resolved and the claims may be time-barred, *see Dargis v. Sheahan*, 526 F.3d 981, 990–91 (7th Cir. 2008), the Court will exercise supplemental jurisdiction and address the merits of the state law claims.

**B. State Law Claims**

    **1. Negligence**

In order to recover for negligence, Mr. Malone must establish: "(1) a duty owed to the plaintiff by defendant, (2) a breach of the duty, and (3) an injury proximately caused by the breach of duty." *Pfenning v. Lineman*, 947 N.E.2d 392, 398 (Ind. 2011). Absent a cognizable duty, there can be no recovery. *Id.* Mr. Malone alleges that Ms. Woods breached a duty to him by "[k]nowing the ramifications of what false allegations and arrest would do to the Plaintiff." Dkt. 23 at 4. Mr. Malone has not pleaded any cognizable legal duty that Ms. Woods owed to him. Nor can the Court envision any duty that may apply. Therefore, his claim fails and Ms. Woods's motion to dismiss this claim is **GRANTED**.

## 2. Defamation

"To prevail on a cause of action for defamation, a plaintiff must prove four elements: (1) a communication with defamatory imputation, (2) malice, (3) publication, and (4) damages." *Newman v. Jewish Cmty. Ctr. Ass'n of Indianapolis, Inc.*, 875 N.E.2d 729, 739 (Ind. Ct. App. 2007). Additionally, the plaintiff must include the "alleged defamatory statement in the complaint." *Trail v. Boys & Girls Clubs*, 845 N.E.2d 130, 136 (Ind. 2006). "There is sound reason for this policy, as the absence of a statement in the complaint works a detriment on both the court and the defendant. The court is handicapped without the statement since, without it, the court cannot actually determine if the statement is legally defamatory." *Id.*

Mr. Malone alleges Ms. Woods made various defamatory statements about him on Facebook. He argues that he cannot plead the content of the alleged defamatory statement until he completes discovery and that he could not include hearsay in his complaint. In his response to the current motion, Mr. Malone points to paragraph 32 of his complaint for establishing defamation. In that paragraph Mr. Malone states:

> On the evening of the 23rd, Woods posted negative comments about Malone on her [F]acebook account and also filed a false police report with a fellow IMPD officer stating that Malone had been stalking, harassing and threatening her along with her children since the 19th of the month.

Dkt. 17 at 5.

The Court does apply a more lenient standard for pleading with pro se litigants; nonetheless, the substantive law applicable to pro se claims cannot be ignored simply because of pro se status. *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). The Court will not infer the elements of the defamation claim, nor speculate the content of the negative comments, from Mr.

Malone's bare pleading. Therefore, his claim fails and Ms. Woods's motion to dismiss this claim is **GRANTED**.

### 3. False Arrest

A claim for false arrest lies against an arresting officer and requires an absence of probable cause. *Row v. Holt*, 864 N.E.2d 1011, 1016 (Ind. 2007). Mr. Malone alleges he was falsely arrested and asserts this claim against Ms. Woods. However, Ms. Woods did not arrest Mr. Malone. Moreover, Mr. Malone makes no argument responding to Ms. Woods's motion to dismiss this claim.[1] Therefore, Ms. Woods's motion is **GRANTED**.

### 4. Malicious Prosecution

A claim of malicious prosecution rests on the notion that the plaintiff has been improperly subjected to legal process. *Crosson v. Berry*, 829 N.E.2d 184, 189 (Ind. Ct. App. 2005) (citing *City of New Haven v. Reichhart*, 748 N.E.2d 374, 378 (Ind. 2001)). "The elements of a malicious prosecution action are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *Id.*

Mr. Malone asserts a claim of malicious prosecution against Ms. Woods, but has not pleaded the elements of malicious prosecution. The complaint contains unsupported allegations, but no articulable facts that allow the Court to draw the reasonable inference that there was malice, an absence of probable cause, and for the count of intimidation, that the action was terminated in Mr. Malone's favor. To the contrary, Mr. Malone was convicted of the offense, and

---

[1] In his response, under the heading of "False Arrest," Mr. Malone directs the Court to an "attached document (pg 9) in support" of his claim of false arrest. However, there is no attached document or page 9. The absence of page 9 was brought to Mr. Malone's attention in Ms. Woods's reply, in which she stated that page 9 was not served or on the docket. Further, Mr. Malone was granted leave and an extension to amend his complaint—after the reply was filed—but failed to do so. This claim is therefore deemed waived or abandoned.

elects not to "comment on the charge while post-conviction recourse is still in progress." Therefore, his claim fails and Ms. Woods's motion to dismiss this claim is **GRANTED**.

### 5. Intentional Infliction of Emotional Distress

In Indiana, the tort of intentional infliction of emotional distress occurs when "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another." *Curry v. Whitaker*, 943 N.E.2d 354, 361 (Ind. Ct. App. 2011) (internal quotation omitted). The plaintiff must establish four elements: "that the defendant (1) engage[d] in extreme and outrageous conduct (2) which intentionally or recklessly (3) cause[d] (4) severe emotional distress to another." *Id.* Outrageous conduct must be "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community," in order to satisfy the elements of intentional infliction of emotional distress. *Id.*

Mr. Malone alleges that Ms. Woods intentionally inflicted emotional distress upon him, but his complaint does not meet the rigorous intentional infliction of emotional distress standard. Although the allegations in the complaint are distressing and it is his belief that Ms. Woods's behavior was outrageous and indecent, the allegations in the complaint do not support his belief. See, *Conwell v. Beatty*, 667 N.E.2d 768, 775-77 (Ind.Ct.App.1996) (no outrageous conduct where sheriff announced deputy's arrest at press conference and refused to assist deputy in completing retirement forms); *Gable*, 673 N.E.2d at 809-11 (no outrageous conduct where contractor's wife phoned purchaser seven times in one hour, screaming, threatening to repossess home and to come over, and stating repeatedly that the purchasers "would pay"). In fact, In his complaint, Mr. Malone does not allege "outrageous conduct" but refers to Ms. Woods conduct as "troubling behavior." (Dkt. 7 at 5). Finally, Mr. Malone's complaint fails to allege "severe

emotional distress" as a result of Ms. Woods behavior. Because he has not alleged and established all four elements of intentional infliction of emotional distress, Ms. Woods's motion to dismiss on this claim must be **GRANTED**.

### 6. Abuse of Process

In Indiana, the tort of abuse of process consists of two elements: (1) ulterior motive, and (2) use of process that would not be proper in the normal prosecution of the case. *Watters v. Dinn*, 633 N.E.2d 280, 288 (Ind. Ct. App. 1994). "[T]he relevant inquiry [is] whether the complained-of acts were procedurally and substantively proper under the circumstances." *Reichhart v. City of New Haven*, 674 N.E.2d 27, 32 (Ind. Ct. App. 1996) (internal quotations omitted). Proof of improper motive alone is insufficient to proceed with an abuse of process claim; a plaintiff must establish that a defendant has employed an "improper 'process' before the court proceeds to an examination of the defendant's motive." *Id*. at 30.

Mr. Malone alleges that Ms. Woods subjected him to abuse of process. The starting point for analyzing his abuse of process claim is to determine whether Ms. Woods employed an improper process, not her motivation in employing that process. *Id.* at 31. "A party's intent is irrelevant where his acts are procedurally and substantively proper under the circumstances." *Id.* Mr. Malone's complaint does not contain factual allegations establishing that Ms. Woods employed an improper process. Mr. Malone points the Court to his statements in the complaint that Ms. Woods acted with revenge and lied to IMPD officers. However, the process used by Ms. Woods, the filing of a police report, was used to accomplish the outcome for which it was designed: Mr. Malone's actions were investigated and charges were eventually filed. "[T]here is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Id.* Therefore, because Mr. Malone's

8

complaint does not allege that Ms. Woods used this process for an improper purpose, her alleged motive cannot sustain the claim. Mr. Malone's abuse of process claim fails and Ms. Woods's motion to dismiss this claim is **GRANTED**.

## IV.  CONCLUSION

For the reasons set forth above, Ms. Woods's motion to dismiss (Dkt. 17) is **GRANTED**. All claims are **DISMISSED with prejudice.**

Date: 01/30/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID S MALONE
7219 Cranbrook Court
Indianapolis, IN 46250

Victoria L. Cain
BINGHAM GREENEBAUM DOLL LLP
vcain@bgdlegal.com

Rafael A. Sanchez
BINGHAM MCHALE LLP
rsanchez@bgdlegal.com